TIMOTHY SCALLAN AND TENA SCALLAN, INDIVIDUALLY AND ON BEHALF OF CHRISTINA MARIE SCALLAN, ET AL
v.
LOUIS BREES, ENTERPRISE TRANSPORTATION COMPANY, a/k/a ENTERPRISE PRODUCTS COMPANY, AND ESIS, INC.
No. 2006 CA 1853
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
NOT DESIGNATED FOR PUBLICATION
ROBERT J. BRUNO, CHRISTOPHER J. BRUNO, and LISA BRENER, Attorneys for Plaintiffs-Appellants Timothy Scallan and Tena Scallan, Individually And on Behalf of Christina, Marie Scallan, et al
LAWRENCE J. ERNST, Attorney for Defendants-Appellees Louis Brees, Enterprise Transportation Company, a/k/a Enterprise Products Company, and ESIS, Inc.
Before: PETTIGREW, DOWNING, and HUGHES, JJ
PETTIGREW, J.
This matter comes before this court following the trial court's grant of a peremptory exception raising the objection of prescription that resulted in the dismissal with prejudice of plaintiffs' lawsuit. For the reasons that follow, we hereby affirm.
The instant litigation arose as a result of a hazardous chemical spill that occurred along Interstate 12 in Slidell, St. Tammany Parish, Louisiana, on June 24, 2003, causing the evacuation of homes in the area. According to the accident report prepared by the Louisiana State Police, the driver of the overturned tractor-trailer rig, Louis Brees, was alleged to have been a Texas domiciliary. He died as a result of the injuries he sustained in the accident. The tractor-trailer operated by Mr. Brees at the time of the accident was owned by Enterprise Transportation of Houston, Texas.
Plaintiffs, who identify themselves as homeowners and residents of St. Tammany, initially filed suit in the 22nd Judicial District Court in and for the Parish of St. Tammany on June 18, 2004. Plaintiffs named Mr. Brees, Enterprise Transportation Company, a/k/a Enterprise Products Company, and its alleged insurer, ESIS, Inc., as defendants. In that action, plaintiffs sought to recover damages for personal injuries that they claim to have sustained resulting from their alleged exposure to hazardous chemicals released as a result of the accident. Several days later, on June 23, 2004, immediately prior to the tolling of prescription, plaintiffs filed the instant lawsuit asserting the same allegations against the same defendants in the First City Court for the City of New Orleans. Prior to service of their St. Tammany Parish lawsuit, plaintiffs filed an ex-parte motion on June 30, 2004, requesting that the New Orleans lawsuit be dismissed.

PRIOR COURT PROCEEDINGS
In mid-July 2004, after the accrual of prescription, defendants Mr. Brees, Enterprise Products Company, and ESIS were served with copies of the citation and petition for damages filed in the First City Court for the City of New Orleans. In response, said defendants made an appearance solely for the purpose of filing numerous exceptions including declinatory exceptions raising the objections of improper venue and lack of jurisdiction over the subject matter.[1]
In support of their objection as to venue, defendants pointed out that the driver of the overturned tractor-trailer, Mr. Brees, was alleged by plaintiffs to have been a Texas domiciliary. Additionally, defendants alleged that defendant ESIS, Inc. was not an insurance company as inferred by plaintiffs, but rather only a foreign insurance agency with its home office located in Philadelphia, Pennsylvania. Defendants acknowledged that although ESIS, Inc. was licensed to do business in Louisiana, its principal Louisiana office was located in Baton Rouge.[2]
Defendants further pointed out that plaintiffs filed suit against an entity referred to as "Enterprise Transportation Company d/b/a Enterprise Products Company." Defendants assert that on January 18, 1991, Enterprise Transportation Company ceased to exist, having been merged into Enterprise Products Company. It is further alleged that Enterprise Products Company later began conducting business as Enterprise Transportation Company; however, said entity has been inactive in Louisiana since January of 1991. Defendants acknowledged that Enterprise Products Company is a foreign corporation with its home office located in Houston, Texas, and that its principal business office in Louisiana is located in Baton Rouge.
Defendants argued that because the allegations of the petition stated that all of the plaintiffs resided in St. Tammany Parish, the accident took place in St. Tammany Parish, and none of the defendants resided or had a principal business office in Orleans Parish, venue was not proper in Orleans Parish. Defendants urged the First City Court for the City of New Orleans to grant their exception objecting to venue, and pursuant to La. Civ. Code art. 121, either dismiss the litigation or transfer the action to St. Tammany Parish where venue would be proper.
With respect to defendants' objection as to subject matter jurisdiction, defendants pointed out that inasmuch as the damages prayed for by plaintiffs exceeded the jurisdictional limitations of a city court in New Orleans, the First City Court for the City of New Orleans lacked jurisdiction to rule in these proceedings and urged the court to dismiss said proceedings.[3]
On December 2, 2004, the First City Court for the City of New Orleans ruled that the litigation had been filed in a court of improper venue and ordered that plaintiffs' suit be transferred to the City Court of Slidell in St. Tammany Parish in accordance with La. Code Civ. P. art. 121. The court's ruling on this exception rendered moot the remaining exceptions filed by defendants.
The City Court of Slidell subsequently returned this litigation to the First City Court for the City of New Orleans because the damages sought by plaintiffs in this matter were "in a sum not in excess of $50,000.00," and the jurisdiction of the City Court of Slidell was limited by statutory language in effect at the time to "cases where the amount in dispute... [did] not exceed twenty thousand dollars." See La. Code Civ. P. art. 4843. Plaintiffs subsequently amended their petition in the First City Court for the City of New Orleans so as to limit their claim to the jurisdictional limits of the City Court of Slidell, and the matter was thereafter transferred back to the City Court of Slidell.
On January 17, 2006, defendants made an appearance in the City Court of Slidell solely for the purpose of filing a peremptory exception raising the objection of prescription together with a rule to show cause why the unaddressed declinatory, dilatory, and peremptory exceptions previously raised by defendants in the First City Court for the City of New Orleans should not be addressed. A hearing was held on March 21, 2006, regarding defendants' objection as to prescription, as well as defendants' other pending exceptions. Following the hearing, the City Court of Slidell took these matters under advisement, and on June 14, 2006, the court rendered judgment granting the peremptory exception with respect to prescription and dismissed plaintiffs' claims against defendants with prejudice, with each party responsible for their own costs. This judgment is the subject of the instant appeal.

LEGAL ANALYSIS
In written reasons that accompanied its judgment, the City Court of Slidell noted that pursuant to La. Civ. Code art. 3492, plaintiffs' suit for damages was subject to a one-year prescriptive period accruing from the date the damage or injury occurred. Louisiana Civil Code article 3462 provides that the timely filing of a lawsuit against a tortfeasor in a court of proper jurisdiction and venue will interrupt this prescriptive period. Relying upon La. Civ. Code art. 3462, the City Court of Slidell cautioned that if an action is commenced in an incompetent court or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. The City Court of Slidell further admonished that pursuant to La. Civ. Code art. 3463, an interruption of prescription is considered never to have occurred if a plaintiff voluntarily dismisses the action at any time before the defendant has made an appearance of record.
It is evident from the record before this court that plaintiffs voluntarily dismissed their initial, properly-filed lawsuit and, thereafter, failed to obtain valid legal service upon the defendants in their subsequent, improperly-filed lawsuit within the requisite prescriptive period. Those facts lead this court to conclude that plaintiffs' petition has prescribed on its face.
When, as in the instant case, the plaintiff's petition on its face reveals that prescription has run, the burden is on the plaintiff to show why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624, 628 (La. 1992). Plaintiffs put forth two arguments they claim support their contention that this claim has not prescribed.
First, plaintiffs claim that Orleans Parish was and is the primary business office of defendant Enterprise Transportation Company, that suit in Orleans Parish was proper, and that for these reasons their claim has not prescribed. In support of this contention, plaintiffs claim to have relied to their detriment on an August 9, 2004 certification provided to them by the Louisiana Secretary of State. This certification stated that the principal business establishment in Louisiana of Enterprise Transportation Company is 601 Poydras Street, New Orleans, Louisiana, and that the foregoing address is also the address of its registered agent for service of process.
Plaintiffs put forth this same argument in the City Court of Slidell. In granting defendants' exception, the learned trial judge noted that the certificate relied upon by plaintiffs "further stated the Enterprise Transportation Corporation was later merged into Enterprise Products Company on January 18, 1991. The plaintiffs should have continued their inquiry to obtain the present status of the company." The trial court further noted that:
A review of the certified copy of the entire official record of the Secretary of State provided by defendants as attachments to its exception reveals that the defendant corporation filed correct and accurate information including the requisite changes of address to give proper notice that venue was no longer proper in Orleans parish but was changed to a location in Baton Rouge, Louisiana. If plaintiffs relied upon the entire official records of the Secretary of State they would have obtained the valid information that the registered office was in Baton Rouge.
Additionally, we note that this argument would appear to be disingenuous due to the fact that when plaintiffs filed their original petition on June 23, 2004, they directed that defendant, "Enterprise Transportation Company, d/b/a Enterprise Products Company," be served through its agent for service of process, C.T. Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana. This issue is without merit.
The second argument put forth by plaintiffs is that the filing of their lawsuit naming Enterprise Transportation as a defendant timely put Enterprise Products on notice of the filing of a lawsuit and that, accordingly, prescription was interrupted as to Enterprise Products. We cannot agree. Plaintiffs selected the forum in which to file their lawsuit and thereafter filed their lawsuit at the eleventh hour. Consequently, none of the defendants named were served by process within the prescriptive period. As the forum selected was later held to have been an improper venue, La. Civ. Code art. 3462 states that plaintiffs' claims against all defendants had prescribed. This issue is similarly without merit.

CONCLUSION
For the reasons above, we affirm the judgment of the City Court of Slidell that granted defendants' exception raising the peremptory objection of prescription and dismissed plaintiffs' lawsuit with prejudice. All costs associated with this appeal shall be assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Defendants also filed declinatory exceptions raising objections of insufficiency of citation and insufficiency of service of process, dilatory exceptions raising objections of lack of procedural capacity and improper cumulation of actions/joinder of parties, and a peremptory exception of no cause of action.
[2] It appears that plaintiffs were evidently also aware of this fact as their petition directed that said defendant be served through its registered agent, C.T. Corporation Systems, in Baton Rouge, Louisiana.
[3] Plaintiffs allege in their Petition for Damages that they are entitled to judgment against defendants in a sum not in excess of fifty thousand ($50,000.00) dollars. Pursuant to La. Civ. Code art. 4843, the civil jurisdiction of a city court in New Orleans was limited at that time to cases where the amount in dispute did not exceed twenty thousand ($20,000.00) dollars.